UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

**FILED**
MAR 14 2017



| | |
|---|---|
| BRETT CHARLES ROACH,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 1:16-CV-01049-CBK<br><br>**ORDER DENYING MOTION TO VACATE**<br>**AND**<br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner was convicted of assault resulting in serious bodily injury to a 9 month old child and was sentenced on January 5, 2015, to the statutory maximum sentence of 120 months custody. He appealed his conviction and sentence and the United States Court of Appeals for the Eighth Circuit affirmed. United States v. Roach, 615 Fed. Appx. 391 (8th Cir. September 25, 2015). Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 contending that (1) there was insufficient evidence that the victim suffered serious bodily injury as a result of his actions, (2) counsel was ineffective for failing to obtain an expert witness to testify that the victim's injuries could have been consistent with his testimony as to the cause of the child's injuries, and (3) this court lacked jurisdiction to sentence him.

I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## I. Insufficient Evidence.

Petitioner raised on appeal his claim that there was insufficient evidence of his guilt and the Eighth Circuit rejected that claim. "It is well settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant

to 28 U.S.C. § 2255." Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) (*quoting* United States v. Shabazz, 657 F.2d 189, 190 (8th Cir. 1981)).

## II. Ineffective Assistance of Counsel.

Petitioner contends counsel was ineffective in failing to obtain the services of an expert witness to testify that the victim's injuries could be consistent with his version of events. To support a claim of ineffective assistance of counsel, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Petitioner "must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable probability that the result of the proceeding would have been different." Delgado v. United States, 162 F.3d 981, 982 (8th Cir. 1998), (*citing* Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068, 80 L. Ed. 2d (1984)). The burden of establishing ineffective assistance of counsel is on the petitioner. Delgado v. United States, 162 F.3d at 982. Petitioner "'faces a heavy burden' to establish ineffective assistance of counsel pursuant to section 2255." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000) (*quoting* United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Yarborough v. Gentry, 540 U.S. 1, 8, 124 S. Ct. 1, 6, 157 L. Ed. 2d 1 (2003).

This claim may be summarily dismissed because petitioner cannot meet his burden of showing that counsel could have found such an expert witness or that the result of his trial would have been different had an expert testified on petitioner's behalf. Petitioner does not deny and there was no doubt that the victim's injuries occurred while the victim was in the petitioner's care. Petitioner told the victim's mother shortly after the victim was injured that the victim was lying on a bed (raised only off the floor by a box spring) and either fell off or was pushed off onto the carpet by her sibling. He told the victim's mother that the victim was barely moving when he found her and he called 911. Later, petitioner told an agent from the Federal Bureau of Investigation the same

2

story. When confronted with statements from the doctors that the victim's injuries were not consistent with having fallen off a mattress onto carpet, petitioner told the agent that he threw the victim forcefully from the bed and she landed on the carpeted floor. He stated that the victim was unconscious when he picked her up. Petitioner testified at trial that he was holding the victim and trying to adjust the highchair tray when she fell out of his hands, hit the table, and fell to the floor.

The victim was presented to the emergency room of a local hospital suffering from three skull fractures and bleeding on her brain, and multiple bruises over multiple body areas. She was flown to a larger children's hospital where she was admitted for life-threatening injuries. She suffered seizure activity while hospitalized. She was released 19 days after admission, having achieved an "amazing survival and recovery."

Dr. Travis Henderson, the physician who treated the victim in the emergency room, testified that, in his opinion, the injuries suffered by the child could not have been caused by a fall.

Dr. Geoffrey Thomas Tufty, an ophthalmologist, testified that the victim suffered hemorrhages of one of her eyes which raised suspicions of non-accidental trauma. Dr. Tufty opined that the injuries observed could not have been caused by a fall from a bed or a fall from three feet off the floor. He testified that it would "take a significant amount of force to cause injury to the eye" as was present in the victim. He testified that such injury would require a violent acceleration-deceleration injury" such as a "head thrust" or "forceful hard-surface contact" but that a fall from three feet onto a hard surface would not be enough to cause the victim's injuries. On cross-examination, Dr. Tufty testified that a mere fall would not cause the hemorrhages to the victim's retina that occurred. Dr. Tufty testified that there was no evidence that the victim's eye struck any surface which could have been the cause of the injuries.

Dr. Nancy Free, a pediatric physician who treated the victim, testified that the victim suffered from bruising to the back of the ear and the skin behind the ear, which "is highly concerning for non-accidental trauma." Dr. Free testified that a mere fall would rarely cause one skull fracture but would not explain three separate fractures. Dr. Free

3

testified that, in children with similar accidental injuries, the injuries were caused by a television or dresser crushing the skull or a fall from a second-story window.

Contrary to petitioner's claim, defense counsel did retain an expert witness in anatomic, clinical, and forensic pathology to assist in determining whether the victim's injuries were consistent with a fall from a high chair. That witness was not called at trial.

The evidence was overwhelming that the victim's injuries were not caused by accident as claimed by the petitioner. Even if defense counsel could have found an expert willing to testify to the contrary, there is not a probability that the outcome of the trial would have been different, given the fact that the defendant gave three different stories as to how he claimed the victim sustained her injuries.

### III. Lack of Jurisdiction.

Petitioner contends that the offense occurred in the in the town of McLaughlin, South Dakota, and therefore the federal district court did not have jurisdiction pursuant to 18 U.S.C. § 1153. McLaughlin in located in Corson County, South Dakota, and is within the exterior boundaries of the Standing Rock Indian Reservation. All of McLaughlin is in Indian country. Petitioner's claim that this court lacked jurisdiction is rejected. He also stipulated to "Indian Country."

### ORDER

Based upon the foregoing,

**IT IS ORDERED** that the motion to vacate, set aside, or correct sentence is denied.

### TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 challenging his conviction and sentence for assault resulting in serious bodily injury. I summarily denied the motion.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.

Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's motion to vacate, set aside, or correct his sentence. This in no way hampers the petitioner's ability to request issuance of the certificate by a circuit judge pursuant to Fed. R. App. P. 22.

DATED this  14th  day of March, 2017.

BY THE COURT:

_____
CHARLES B. KORNMANN
United States District Judge